Judge Robertson
delivered the opinion of the Court.
A fieri facias having been levied on a town lot, the property of Jameson, who was defendant in the execution, the sheriff sold the lot to Baker, for $152 in paper of the Bank of the monwealth. He failed to pay, or to give bond, for the price, and thereupon the sheriff sold the same lot immediately to another for $101; that being the highest bid.
This suit is brought by Jameson vs. Baker, for the difference between the amount of the first and last Sale.
The declaration is in case; but otherwise, it is a non-descript. It is difficult to ascertain by reading it, whether it be in tort or assumpsit.
A Demurrer was filed to the declaration, and overruled by the court. Three pleas were then filed, 1st. Non-assumpsit. 2d and 3d, (in substance the ■same) that there was no memorandum in writing, of the contract of sale; Demurrers'to the two last *548 pleas were sustained, and a jury found a verdict for $40; for which the court rendered judgment.
Denny, for plaintiff
If the only objection to the declaration were, that it did not shew that the contract or promise was in writing, conformably to the statute of Frauds and Perjuries, the court did not err in overruling the demurrer. It is not necessary to aver in a declaration, or a bill founded in a contract for land, that the promise was in writing. The statute has not changed the mode of declaring at common law; and hence the defendant must avail himself of the protection of the statute, by plea or answer. Kirby vs. Chitwood's administrator, IV Monroe, 91-2; Martin vs. McFadden, IV Littell’s Reports, 241-2.
. It is not necessary to inquire for other objections to the declaration, because the judgment must be reversed, if the declaration be good; and the pleas, if true, (and we presume they are) must be fatal to the action.
The two last pleas were sufficient to bar the action.
if, as they allege, there was no memorandum of the sale, no'action can be maintained on the contract.
Wherefore, the judgment is reversed; the verdict set aside and the cause remanded for a new trial; on which the plaintiff below must reply no the 2d and 3d pleas.